UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHARON NARINESINGH,

               Plaintiff,

   -against-

THE CITY OF NEW YORK, DETECTIVE
CHRISTOPHER SCARRY, SHIELD
# UNKNOWN, DETECTIVE KENNETH
GIALLANZA, SHIELD # 5795,
HENDEL BASCH, also known as HENDY
BASCH, MOSES KLEIN, also known as
MOSES GROSS, MOSHE WEISER,
GILA CATERERS, INC. d/b/a V'YOELE
MOSHE HALL, TIRNOWER KOSHER
CATERERS, INC., d/b/a V'YOELE MOSHE
HALL, WILLIAM TIRNOWER, RITA
FERGUSON,

               Defendants.
------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 22 2010 ★
BROOKLYN OFFICE

**COMPLAINT**

**10    6022**

**JURY TRIAL DEMANDED**

BLOCK, J.

REYES, M.J

## PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff seeks relief for the violation of her rights secured by 42 U.S.C. § 1983, the First, Fourth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. The claims arise from a series of incidents on November 11, 2008, November 12, 2008, November 13, 2008, February 15, 2009, October 25, 2010, through and including November 4, 2010 in which the Defendants subjected Plaintiff to, among other things, false arrest, assault and battery, perjury and abuse of legal process, malicious prosecution, fabricated evidence, conspiracy, harassment, and negligence. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

1

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983, and the First, Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law. Moreover, this action was filed within one year and 90 days of the incident that is the basis of this case.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred within the Eastern District of New York and because Plaintiff and Defendants are subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

5. **Plaintiff Sharon Narinesingh** is a resident of the County of Nassau, State of New York, which is situated within the Eastern District of New York.

6. **Defendant The City of New York** was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. **Defendant The City of New York** maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, **Defendant The City of New York**.

8. At all times hereinafter mentioned, the individually named **Defendant Detective Richard Scarry** and **Defendant Detective Kenneth Giallanza** were duly sworn police officers of said department and were acting under the supervision of said department and according to

their official duties, and through it, employees and/or servants of the **Defendant The City of New York**, acting under the direction and supervision of the aforementioned municipal corporation, **Defendant The City of New York**.

9. **Defendant Hendel Basch**, also known as **Hendy Basch, Defendant Moses Klein**, also known as **Moses Gross, Defendant Moshe Weiser, Defendant William Tirnower**, and **Defendant Rita Ferguson** were individuals and residents of the County of Kings, State of New York, which is situated within the Eastern District of New York.

10. **Defendant Hendel Basch**, also known as **Hendy Basch, Defendant Moses Klein**, also known as **Moses Gross, Defendant Moshe Weiser, Defendant William Tirnower**, and **Defendant Rita Ferguson** were individuals and residents of the County of Nassau, State of New York, which is situated within the Eastern District of New York.

11. **Defendant Gila Caterers, Inc.**, doing business as **V'Yoele Moshe Hall**, and **Defendant Tirnower Kosher Caterers, Inc.**, doing business as **V'Yoele Moshe Hall**, were and still are domestic corporations organized under and existing by virtue of New York State law, doing business in the State of New York and having their principle places of business in the County of Kings, State of New York, which is situated within the Eastern District of New York.

12. Defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

13. The following is a summary.

14. The claims against the Defendants in this case stem from a series of ongoing incidents between the **Plaintiff Sharon Narinesingh**, a professional wedding photographer, and **Defendant Hendel Basch**, also known as **Hendy Basch**, a competing professional wedding photographer, and **Defendant Moses Klein**, also known as **Moses Gross, Defendant Moshe**

Weiser, **Defendant William Tirnower, Defendant Rita Ferguson, Defendant Detective Richard Scarry** and **Defendant Detective Kenneth Giallanza** (as police officers employed by the **Defendant The City of New York**), at the premises owned, maintained, and operated by **Defendant Gila Caterers, Inc.**, doing business as **V'Yoele Moshe Hall**, and **Defendant Tirnower Kosher Caterers, Inc.**, doing business as **V'Yoele Moshe Hall** and elsewhere between November, 2008 and November, 2010.

15. Prior to November, 2008 and continuing through the present day, **Plaintiff and Defendant Hendel Basch** were and still are competing professional wedding photographers, both of whom work within the Hasidic Jewish community in Brooklyn.

16. On November 12, 2008, from approximately 11:30 p.m. to November 13, 2008 at approximately 12:30 a.m., **Defendant Hendel Basch, Defendant Moses Klein** and **Defendant Moshe Weiser** confronted Plaintiff at her place of employment for the evening at 75 Rutledge Street, Brooklyn, New York, and attempted to extort $5000.00 from her by threatening her with physical violence, threats of criminal prosecution, and other harm.

17. **Plaintiff** called the police as a result of the actions of **Defendant Hendel Basch, Defendant Moses Klein** and **Defendant Moshe Weiser** at 75 Rutledge Street, Brooklyn, New York on November 12, 2008, from approximately 11:30 p.m. to November 13, 2008 at approximately 12:30 a.m.

18. After officers from the New York City Police Department arrived pursuant to Plaintiff's call, **Defendant Hendel Basch, Defendant Moses Klein** and **Defendant Moshe Weiser** falsely reported to the police that **Plaintiff** had stolen **Defendant Hendel Basch's** photography equipment from the premises owned, maintained, and operated by **Defendant Gila Caterers, Inc.**, doing business as **V'Yoele Moshe Hall**, and **Defendant Tirnower Kosher**

**Caterers, Inc.**, doing business as **V'Yoele Moshe Hall** located at 590 Bedford Avenue, Brooklyn, New York.

19. As a result of this false report, **Defendant Hendel Basch, Defendant Moses Klein** and **Defendant Moshe Weiser** caused the New York City Police Department to generate an open complaint.

20. Thereafter, **Defendant Hendel Basch, Defendant Moses Klein, Defendant Moshe Weiser, Defendant William Tirnower, Defendant Rita Ferguson, Defendant Detective Richard Scarry** and **Defendant Detective Kenneth Giallanza** (as police officers employed by the **Defendant The City of New York**), acting in concert and each aiding the other, conspired to violate **Plaintiff's** civil rights and actually did violate **Plaintiff's** civil rights by engaging in the following conduct pursuant to this conspiracy, among other conduct:

> a. falsely attesting to the truth of documents and the contents therein by falsifying police reports and official documents to charge **Plaintiff** with the crimes of Grand Larceny in the Third Degree, Grand Larceny in the Fourth Degree, and Petit Larceny, despite having actual knowledge that **Plaintiff** was innocent of all criminal charges;
>
> b. fabricating evidence and presenting the same fabricated evidence to the Kings County District Attorney, the Kings County Grand Jury, and the Kings County Supreme Court, concealing evidence of **Plaintiff's** innocence and failing to produce and destroying exculpatory evidence of **Plaintiff's** innocence, resisting and failing to obey a lawfully issued subpoena to produce exculpatory evidence of **Plaintiff's** innocence;
>
> c. falsely reporting to the Kings County District Attorney's Office, in order to initiate formal criminal charges against **Plaintiff,** that **Plaintiff** had committed the crimes of Grand Larceny in the Third Degree, Grand Larceny in the Fourth Degree, and Petit Larceny, despite having actual knowledge that **Plaintiff** was innocent of all criminal charges.;
>
> d. Arresting **Plaintiff** and incarcerating her without probable cause February 15, 2009;
>
> e. Causing **Plaintiff** to be criminally prosecuted in the Kings County Criminal Court under Docket # 2009KN012834, and criminally prosecuted in the Kings County Supreme Court, Criminal Term, under Indictment # 01564-2009, and continuing to maliciously prosecute **Plaintiff** despite having actual knowledge that **Plaintiff** was innocent of all criminal charges.

f. Testifying falsely and committing perjury in the Kings County Grand Jury at a Grand Jury presentation, and the Kings County Supreme Court at a pre-trial hearing and at a criminal trial that **Plaintiff** had committed the crimes of Grand Larceny in the Third Degree, Grand Larceny in the Fourth Degree, and Petit Larceny in furtherance of the conspiracy to violate **Plaintiff's** civil rights, despite having actual knowledge that **Plaintiff** was innocent of all criminal charges.

21. As a result of the **Defendants'** actions mentioned above, **Plaintiff** was arrested on February 15, 2009 by **Defendant Detective Kenneth Giallanza**.

22. As a result of the **Defendants'** actions mentioned above, **Plaintiff** was arraigned on February 16, 2009 upon a Criminal Court Complaint, filed under Docket # 2009KN012834, in the Kings County Criminal Court, charging her with Burglary in the Third Degree, Grand Larceny in the Third Degree, Grand Larceny in the Fourth Degree, and Petit Larceny, and prosecuted by the Kings County District Attorney and **Defendants** in an action entitled "The People of the State of New York against Sharon Narinesingh."

23. As a result of the **Defendants'** actions mentioned above, **Plaintiff** was indicted by the Grand Jury on or about April 15, 2009, and Indictment # 01564-2009 was filed in the Kings County Supreme Court, Criminal Term on April 15, 2009, and prosecuted by the Kings County District Attorney and **Defendants** in an action entitled "The People of the State of New York against Sharon Narinesingh."

24. As a result of the **Defendants'** actions mentioned above, on December 21, 209, **Defendant Hendel Basch** testified against **Plaintiff** at a pre-trial hearing in the Kings County Supreme Court.

25. As a result of the **Defendants'** actions mentioned above, on October 25, 2010, **Plaintiff** was brought to trial upon Indictment # 01564-2009 in an action entitled "The People of the State of New York against Sharon Narinesingh" before a jury.

6

26. As a result of the **Defendants'** actions mentioned above, on October 26, 2010, October 27, 2010, October 28, 2010, November 1, 2010, November 3, 2010, **Defendants** testified against **Plaintiff** at the aforementioned criminal trial.

27. Despite the **Defendants'** actions mentioned above, on November 4, 2010, **Plaintiff** was acquitted of all criminal charges.

28. As a result of Defendants' actions, Plaintiff experienced personal and physical injuries, fear, embarrassment, humiliation, an invasion of privacy, pain and suffering, damage to reputation, severe emotional distress, and economic damages.

## FIRST CAUSE OF ACTION
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in the aforestated paragraphs with the same force and effect as if fully set forth herein.

30. All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law and pursuant to a conspiracy to deprive Plaintiff of her civil rights.

31. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983, New York State Constitution and applicable state laws.

32. The acts complained of were carried out by Defendant Detective Christopher Scarry and Defendant Detective Kenneth Giallanza, acting in concert with and the remaining Defendants, and each aiding the other, in their capacities as New York City police officers, with all of the actual and/or apparent authority attendant thereto.

33. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, acting in concert with and the remaining Defendants, and each aiding the other, pursuant to the customs, usages, practices, procedures, and the rules of Defendant The City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

34. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CAUSE OF ACTION
## FALSE ARREST UNDER 42 U.S.C. § 1983

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in the aforestated paragraphs with the same force and effect as if fully set forth herein.

36. As a result of the aforesaid conduct by defendants, Plaintiff was subjected to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

37. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated, without probable cause.

## THIRD CAUSE OF ACTION
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in the aforestated paragraphs with the same force and effect as if fully set forth herein.

39. Defendants misrepresented and falsified evidence before the District Attorney, the Grand Jury of Kings County, the New York City Criminal Court, Kings County, and the New York State Supreme Court, Criminal Term, Kings County.

40. Defendants did not make a complete and full statement of facts to the District Attorney and knowingly and intentionally lied to the Office of the Kings County District Attorney about the evidence against Plaintiff.

41. Defendants withheld exculpatory evidence from the District Attorney.

42. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

43. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff.

44. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

45. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

46. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

47. Defendants acted with malice in continuing criminal proceedings against Plaintiff.

48. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding, which includes, but is not limited to, perjurious and false testimony before the Kings County Grand Jury, perjurious and false testimony before the Kings County Supreme Court at pre-trial hearings, and perjurious and false testimony before the Kings County Supreme Court at trial upon the aforementioned Indictment.

49. Notwithstanding the perjurious and fraudulent conduct of Defendants, the criminal proceedings were terminated in Plaintiff's favor upon entry of a judgment of acquittal upon a jury verdict delivered on November 4, 2010.

## FOURTH CAUSE OF ACTION
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in the aforestated paragraphs with the same force and effect as if fully set forth herein.

51. Defendants issued legal process to place Plaintiff under arrest.

52. Defendants arrested Plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

53. Defendants acted with intent to do harm to Plaintiff without excuse or justification.

### FIFTH CAUSE OF ACTION
### MUNICIPAL LIABILITY

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in the aforestated paragraphs with the same force and effect as if fully set forth herein.

55. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

56. The foregoing customs, policies, usages, practices, procedures and rules of Defendant The City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

57. The foregoing customs, policies, usages, practices, procedures and rules of Defendant The City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

58. The foregoing customs, policies, usages, practices, procedures and rules of Defendant The City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

59. As a result of the foregoing customs, policies, usages, practices, procedures and rules of Defendant The City of New York and the New York City Police Department, Plaintiff was unlawfully arrested and subjected to civil battery.

60. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff constitutional rights, and conspired to violate the same.

61. All of the foregoing acts by defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from seizure and arrest not based upon probable cause;

    C.    Not to have excessive force imposed upon her;

    D.    To be free from unwarranted and malicious criminal prosecution;

    E.    To be free from malicious abuse of process;

    F.    Not to have cruel and unusual punishment imposed upon her; and

    G.    To receive equal protection under the law.

62. As a result of the foregoing, Plaintiff is entitled to compensatory damages in a sum to be determined at trial and is further entitled to punitive damages against the individual Defendants in a sum to be determined at trial.

63. This action was timely commenced according to the applicable statute of limitations and all tolling periods.

64. Plaintiff has complied with all conditions precedent to maintaining the instant action.

65. This action falls within one or more of the exceptions as outlined in CPLR § 1602.

## SIXTH CAUSE OF ACTION
## FALSE ARREST

66. Plaintiff repeats, reiterates and realleges each and every allegation contained in the aforestated paragraphs with the same force and effect as if fully set forth herein.

67. Defendant police officers arrested Plaintiff in the absence of probable cause and without a warrant.

68. As a result of the aforesaid conduct by defendants, Plaintiff was subjected to an illegal, improper and false arrest initiated by the Defendants pursuant to the conspiracy and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings.

69. The aforesaid actions by the Defendants constituted a deprivation of Plaintiff's rights.

## SEVENTH CAUSE OF ACTION
## FALSE IMPRISONMENT

70. Plaintiff repeats, reiterates and realleges each and every allegation contained in the aforestated paragraphs with the same force and effect as if fully set forth herein.

71. As a result of the foregoing, Plaintiff was falsely imprisoned, her liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints.

72. Plaintiff was conscious of said confinement and did not consent to same. The confinement of Plaintiff was without probable cause and was not otherwise privileged.

73. As a result of the aforementioned conduct, Plaintiff has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## EIGHTH CAUSE OF ACTION
## ASSAULT

74. Plaintiff repeats, reiterates and realleges each and every allegation contained in the aforestated paragraphs with the same force and effect as if fully set forth herein.

75. Defendants' aforementioned actions placed Plaintiff in apprehension of imminent harmful and offensive bodily contact.

76. As a result of defendants' conduct, Plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### NINTH CAUSE OF ACTION
### BATTERY

77. Plaintiff repeats, reiterates and realleges each and every allegation contained in the aforestated paragraphs with the same force and effect as if fully set forth herein.

78. Defendant police officers touched Plaintiff in a harmful and offensive manner.

79. Defendant police officers did so without privilege or consent from Plaintiff.

80. As a result of Defendants' conduct, Plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

### TENTH CAUSE OF ACTION
### MALICIOUS PROSECUTION

81. Plaintiff repeats, reiterates and realleges each and every allegation contained in the aforestated paragraphs with the same force and effect as if fully set forth herein.

82. On or about November 11, 2008 through and including November 4, 2010, the Defendants, their agents, servants and employees commenced a criminal proceeding against Plaintiff, and falsely and maliciously, and without probable cause, charged Plaintiff with crimes they knew she did not commit.

83. Defendants, with the consent and participation of one another and pursuant to a conspiracy, continued said proceeding despite the fact that they knew or should have known that Plaintiff had not committed any crimes, that there were no exigent circumstances justifying a warrantless arrest, and that there was no need for the arrest and imprisonment of Plaintiff.

84. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

85. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff.

86. Defendants were motivated by actual malice in initiating criminal proceedings against Plaintiff.

87. Defendants misrepresented and falsified evidence before the District Attorney of Kings County, the Kings County Grand Jury, and the Kings County Supreme Court.

88. Defendants did not make a complete and full statement of facts to the District Attorney of Kings County, the Kings County Grand Jury, and the Kings County Supreme Court.

89. Defendants withheld exculpatory evidence from the District Attorney of Kings County, the Kings County Grand Jury, and the Kings County Supreme Court.

90. Defendants directly and actively conspired to continue criminal proceedings against Plaintiff and did continue criminal proceedings against Plaintiff

91. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

92. Defendants were motivated by actual malice in continuing criminal proceedings against Plaintiff.

93. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in Plaintiff's favor on or about November 4, 2010 as indicated above.

### ELEVENTH CAUSE OF ACTION
### MALICIOUS ABUSE OF PROCESS

94. Plaintiff repeats, reiterates and realleges each and every allegation contained in the aforestated paragraphs with the same force and effect as if fully set forth herein.

95. Defendant police officers issued legal process to place Plaintiff under arrest.

96. Defendants conspired to arrest Plaintiff to obtain a collateral objective outside the legitimate ends of the legal process, and did arrest Plaintiff to obtain a collateral objective outside the legitimate ends of the legal process.

97. Defendants acted with intent to do harm to Plaintiff without excuse or justification.

98. As a result of the aforementioned conduct, Plaintiff suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## TWELFTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

99. Plaintiff repeats, reiterates and realleges each and every allegation contained in the aforestated paragraphs with the same force and effect as if fully set forth herein.

100. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

101. The aforementioned conduct was committed by Defendants while acting within the scope of their employment by **Defendant The City of New York** and pursuant to a conspiracy to deprive Plaintiff of her civil rights.

102. The aforementioned conduct was committed by Defendants while acting in furtherance of their employment by **Defendant The City of New York** and pursuant to a conspiracy to deprive Plaintiff of her civil rights.

103. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to Plaintiff.

104. As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## THIRTEENTH CAUSE OF ACTION
## NEGLIGENT HIRING AND RETENTION

105. Plaintiff repeats, reiterates and realleges each and every allegation contained in the aforestated paragraphs with the same force and effect as if fully set forth herein.

106. Upon information and belief, **Defendant The City of New York** failed to use reasonable care in the hiring and retention of the aforesaid Defendants who conducted and participated in the arrest of Plaintiff.

107. **Defendant The City of New York** knew, or should have known in the exercise of reasonable care, the propensities of the **Defendant Detective Christopher Scarry** and **Detective Kenneth Giallanza** to engage in the wrongful conduct heretofore alleged in this Complaint.

108. **Defendant The City of New York** had actual notice that **Defendant Detective Christopher Scarry** and **Detective Kenneth Giallanza** had such propensities.

## FOURTEENTH CAUSE OF ACTION
## NEGLIGENT TRAINING AND SUPERVISION

109. Plaintiff repeats, reiterates and realleges each and every allegation contained in the aforestated paragraphs with the same force and effect as if fully set forth herein.

110. Upon information and belief the **Defendant The City of New York** failed to use reasonable care in the training and supervision of the aforesaid Defendants who conducted and participated in the arrest of Plaintiff and caused Plaintiff to be arrested.

111. As a result of the foregoing, Plaintiff is entitled to compensatory damages in a sum to be determined at trial and is further entitled to punitive damages against the individual Defendants in a sum to be determined at trial.

WHEREFORE, Plaintiff demands judgment on each cause of action in a sum to be determined at trial in compensatory damages and a sum to be determined at trial in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated: Uniondale, New York
      December 10, 2010

_____
PATRICK MICHAEL MEGARO

Case 1:10-cv-06022-FB-RER   Document 1   Filed 12/22/10   Page 18 of 18 PageID #: 18